Affirmed As
Reformed and Memorandum Opinion filed May 17, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00829-CR

NO. 14-10-00830-CR

____________

 

JOSHUA ONEAL WHITE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

On Appeal from the 412th District Court

Brazoria County, Texas

Trial Court Cause Nos. 59,937 &
59,938

 

 



M E M O R
A N D U M   O P I N I O N

            Appellant entered pleas of guilty, without an agreed
recommendation on punishment, in both of these cases.  In cause number 59,937,
he was convicted of two counts of aggravated robbery in a criminal episode.  In
cause number 59,938, appellant was convicted of aggravated robbery.  After a
pre-sentence investigation, the trial court sentenced appellant on July 22,
2010, to confinement for twelve years in the Institutional Division of the
Texas Department of Criminal Justice in each case, with the sentences to be
served concurrently.  Appellant filed a timely notice of appeal.

            Appellant’s appointed counsel filed a brief in which she
concludes that these appeals are wholly frivolous and without merit.  The brief
meets the requirement of Anders v. California, 386 U.S. 738, 87 S.Ct.
1396 (1967), by presenting a professional evaluation of the records and demonstrating
why there are no arguable grounds to be advanced.  See High v. State,
573 S.W.2d 807 (Tex. Crim. App. 1978).

            A copy of counsel’s brief was delivered to appellant. 
Appellant was advised of the right to examine the appellate records and file a
pro se response.  See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim.
App. 1991).  At appellant’s request, the record was provided to him.  On April
28, 2011, appellant filed a pro se response to counsel’s brief.

            We have carefully reviewed the records, counsel’s brief, and
appellant’s response, and agree the appeal is wholly frivolous and without
merit.  Further, we find no reversible error in the record.  A discussion of
the brief would add nothing to the jurisprudence of the state.  We are not to address
the merits of each claim raised in an Anders brief or a pro se response
when we have determined there are no arguable grounds for review.  See
Bledsoe v. State, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005).  

            In each case, the judgments reflect that an affirmative
finding of the use of a deadly weapon was made.  The record from the sentencing
hearing contains the trial court’s statement that he did not make a
finding of a deadly weapon in each case.  Appellant requests, and the State
agrees, that the judgments should be reformed.  See French v. State, 830
S.W.2d 607, 609 (Tex. Crim. App. 1992); Asberry v. State, 813 S.W.2d
526, 530 (Tex. App.—Dallas 1991, pet. ref’d).  Accordingly, we reform the
judgments to delete the deadly weapon finding in each case, and as reformed, the
judgments of the trial court are affirmed.

                                                                        PER
CURIAM

 

Panel consists of Justices
Anderson, Brown, and Christopher. 

Do Not Publish — Tex. R. App. P. 47.2(b).